UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CMC STEEL FABRICATORS, INC. d/b/a SOUTHERN POST CO., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:15-CV-2854-B |
| THE FRANKLIN INVESTMENT CORP. d/b/a FRANKLIN INDUSTRIES CO., | § § § | |
| Defendant. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion to Dismiss for Lack of Personal Jurisdiction or Venue, or in the Alternative to Transfer Venue (Doc. 11).

This is a trademark infringement case. Plaintiff CMC Steel Fabricators, Inc. (CMC) filed this action against Defendant The Franklin Investment Corp. (Franklin) alleging that it infringed on CMC's trademark fence posts by selling similar products online. Franklin moves the Court to dismiss the case for lack of personal jurisdiction or improper venue, or to transfer the case under 28 U.S.C. § 1404(a). For the following reasons, the Court **DENIES** Defendant's Motion.

## I.

## BACKGROUND

A.    *Motion to Dismiss*

The parties' personal jurisdiction and improper venue disputes turn on whether Defendant Franklin has minimum contacts with Texas sufficient for this Court to exercise personal jurisdiction

over it. Franklin contends that it does not. Doc. 11, Def.'s Mot. 5–6. Franklin does not advertise, market, or have agents in Texas, but rather conducts most of its business in Pennsylvania. *Id.* at 5. The sum of Franklin's contacts are that it operates a website that Texans might access to buy infringing products, has made two sales to CMC's counsel through this website, and has made one sale to a Texas resident unrelated to the website. *Id.*, Ex. A, Kovalchick Decl. ¶¶ 5–6. It argues that these contacts are insufficient to establish personal jurisdiction, and that venue is improper because of the lack of personal jurisdiction. *Id.* at 6.

CMC counters, taking the position that operating a website accessible to Texans supports personal jurisdiction, and that Franklin purposefully availed itself of this forum by selling products to CMC's counsel and to online retailers with distribution centers in Texas. Doc. 12, Pl.'s Resp. 7, 9, 11–12. In the event that this Court finds that CMC fails to establish personal jurisdiction, CMC also requests jurisdictional discovery on, *inter alia*, whether Franklin contracted with these retailers and whether the retailers actually sold infringing products to Texans. *Id.* at 22–23.

B.      *Motion to Transfer*

Franklin also moves to transfer venue under 28 U.S.C. § 1404(a) to the Western District of Pennsylvania. It intimates that this litigation revolves around either the website where it allegedly sold infringing products, or its principal place of business where it allegedly made wrongful decisions about such products. *See* Doc. 11, Def.'s Mot. 8–9. Both of which, Franklin argues, are centered in Pennsylvania, so the case should be transferred there. *Id.* CMC responds that relevant documents are located in both this district and the Western District of Pennsylvania, and that Franklin has not shown that the alternative forum is clearly more convenient. Doc. 12, Pl.'s Resp. 17, 21.

On January 22, 2016, Franklin filed the instant motion. CMC has responded, and Franklin

has replied. Doc. 12, Pl.'s Resp.; Doc. 13, Def.'s Reply. Thus, Defendant's Motion is ready for review.

## II.

## LEGAL STANDARD

Federal Rule of Civil Procedure Rule 12(b)(2) allows for dismissal of an action when the Court lacks personal jurisdiction over the defendant. On a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of proving that a nonresident defendant is subject to the Court's jurisdiction. *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008) (citation omitted). To establish the Court's personal jurisdiction over a defendant, the plaintiff need make only a *prima facie* case of jurisdiction. *Id.* In deciding whether the plaintiff has made a *prima facie* case, non-conclusory factual allegations in the complaint must be taken as true. *Gardemal v. Westin Hotel Co.*, 186 F.3d 588, 592 (5th Cir. 1999). The Court may determine the jurisdictional issue by receiving affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery. *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985) (citation omitted). All conflicts between the facts contained in the parties' affidavits and other documentation must be resolved in the plaintiff's favor. *Johnston*, 523 F.3d at 609.

In establishing personal jurisdiction, two conditions must be met: (1) the nonresident must be amenable to service of process under Texas's long-arm statute; and (2) the assertion of jurisdiction over the nonresident must comport with the Due Process Clause of the United States Constitution. *Jones v. Petty-Ray Geophysical, Geosource, Inc.*, 954 F.2d 1061, 1067 (5th Cir. 1992). Because Texas's long-arm statute has been held to extend to the limits of due process, the Court need only determine whether jurisdiction over the defendant is constitutionally permissible. *Id.* at 1067–68. To meet the federal constitutional test of due process, two elements must be satisfied: (1) the defendant must

have purposefully availed itself of the benefits and protections of the forum state by establishing "minimum contacts" with that state such that it would reasonably anticipate being haled into court there; and (2) the exercise of jurisdiction over the defendant must not offend traditional notions of fair play and substantial justice. *Id*. at 1068 (citations omitted).

The "minimum contacts" test can be met by contacts giving rise to either specific or general jurisdiction. *Johnston*, 523 F.3d at 610. Specific personal jurisdiction exists when the cause of action arises from the nonresident defendant's contacts with the forum state. *Gundle Lining Constr. Corp. v. Adams Cnty. Asphalt, Inc.*, 85 F.3d 201, 205 (5th Cir. 1996). General jurisdiction is present when a corporate defendant's "affiliations with the State are so continuous and systematic as to render [it] essentially at home in the forum State." *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014) (quoting *Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014)). In assessing the defendant's conduct, the court considers the totality of the circumstances to determine whether exercising jurisdiction is appropriate. *Stuart*, 772 F.2d at 1192**.** Here, CMC alleges that the Court has specific jurisdiction because of Franklin's online contacts with Texas. While CMC suggests in its Complaint the Court has general jurisdiction, it does not argue this point in its Response. Accordingly, the Court will consider only whether it has specific jurisdiction over Franklin.

### III.

### ANALYSIS

A.    *Personal Jurisdiction*

To determine whether CMC has made a *prima facie* showing of specific jurisdiction, the Court must address the issue of how online conduct may create personal jurisdiction. CMC makes two arguments for specific jurisdiction: (1) that Franklin's website creates jurisdiction, and (2) that its

third-party sales do as well.

The first argument fails because CMC has not alleged that a single disinterested Texas resident purchased an infringing product through Franklin's online store or even used its website aside from CMC's counsel, whose purchase does not count towards Franklin's minimum contacts. *See* Doc. 12, Pl.'s Resp. 9, 23. The Fifth Circuit has adopted what is known as the *Zippo* sliding scale test for determining whether internet-based contacts establish personal jurisdiction over a nonresident defendant. *Revell v. Lidov*, 317 F.3d 467, 470 (5th Cir. 2002) (adopting test from *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1123 (W.D. Pa. 1997)). The aim of the *Zippo* test is to "measure an internet site's connection to a forum state," using a three-point spectrum of connectivity: low, medium, or high.[1] *Id.* Under *Zippo*, personal jurisdiction is based on *actual* internet sales to forum residents, not the mere possibility of sales. *See Mink v. AAAA Dev. LLC*, 190 F.3d 333, 337 (5th Cir. 1999) ("Absent a defendant doing business over the internet or sufficient interactivity with residents of the forum state, we cannot conclude that personal jurisdiction is appropriate."). Also, sales to plaintiff's agents are not relevant contacts in the jurisdictional analysis. *See 721 Bourbon, Inc. v. House of Auth, LLC*, 140 F. Supp. 3d 586, 595–96 (E.D. La. 2015) (collecting cases); *see also Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984) (holding that the "unilateral activity of another party or a third person is not an appropriate consideration" when determining if a defendant availed itself of the forum). Here, Franklin has not alleged actual sales

---

[1] The spectrum includes: (1) a low-end marker for "passive" websites whose internet-based contacts are not sufficient to establish personal jurisdiction; (2) a middle point for "sites with some interactive elements" that require deeper examination to determine whether such interactivity creates minimum contacts; and (3) a high-end marker for websites that "engage in repeated online contacts with forum residents," for which personal jurisdiction may be appropriate. *Id.*

except those to CMC's counsel, which do not count towards Franklin's contacts with the forum state. Thus, Franklin's internet-based contacts do not rise to the level sufficient to establish personal jurisdiction.

CMC's second argument also fails. CMC suggests that Franklin purposefully availed itself of this forum by selling infringing products to third parties that subsequently sold them in Texas. *See* Doc. 12, Pl.'s Resp. 4, 9, 14. This is a stream-of-commerce argument. In the Fifth Circuit, "mere foreseeability or awareness" that a product will reach the forum state's market is "a constitutionally sufficient basis for personal jurisdiction if the defendant's product made its way into the forum state while still in the stream of commerce." *Ainsworth v. Moffett Engineering, Ltd.*, 716 F.3d 174, 177 (5th Cir. 2013) (quoting *Luv N' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 470 (5th Cir. 2006)). CMC notes that consumers can purchase infringing fence posts on the websites of several third-party retailers who have distribution centers in Texas. Doc. 12, Pl.'s Resp. 4, 9, 14; Doc. 12-13, Ex. L; Doc. 12-14, Ex. M; Doc 12-15, Ex. N; Doc. 12-16, Ex. O; Doc. 12-17, Ex. P. But CMC does not allege that there was any special relationship between Franklin and these dealers or that the volume of forum sales was sufficient to demonstrate foreseeability or awareness. *See, e.g.*, *Ainsworth*, 716 F.3d 176; *Luv N' Care*, 438 F.3d 468. Therefore, CMC has not alleged sufficient facts to lend force to its stream-of-commerce argument.

For these reasons, the Court concludes CMC has failed to make a *prima facie* showing of personal jurisdiction.

B.     *Jurisdictional Discovery*

In its Response, CMC has requested that it be permitted to conduct jurisdictional discovery. Doc. 12, Pl.'s Resp. 22. When seeking jurisdictional discovery, a plaintiff must make a "preliminary

showing of jurisdiction." *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005) (citing *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) ("If a plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts . . . the plaintiff's right to conduct jurisdictional discovery should be sustained.")). CMC's factual allegations pass muster under this standard, especially given the fact that several third-party retailers sell Franklin's allegedly infringing posts. *See* Doc. 12-13, Ex. L; Doc. 12-14, Ex. M; Doc 12-15, Ex. N; Doc. 12-16, Ex. O; Doc. 12-17, Ex. P. Accordingly, CMC should be allowed to conduct limited jurisdictional discovery on the following issues: the extent to which Franklin sold infringing products to Texans through its website; whether it contracted with the third-party retailers mentioned by CMC; and whether the retailers actually sold infringing products to Texans.

      C.    *Improper Venue*

      Franklin also moves to dismiss the case for improper venue under Federal Rule of Civil Procedure 12(b)(3). Doc. 11, Def.'s Mot. 6. But the Court cannot determine whether venue is proper until CMC conducts jurisdictional discovery because venue will be proper if Franklin "resides" in Texas, and Franklin may be deemed to reside in Texas if it is subject to personal jurisdiction here. *See* 28 U.S.C. § 1391(b)(1), (c)(2), (d). Therefore, the Court defers ruling on this venue question.

      D.    *§ 1404(a) Transfer*

      In the alternative, Franklin moves to transfer venue under 28 U.S.C. § 1404(a) to the Western District of Pennsylvania. Doc. 11, Def.'s Mot. 7. Under 28 U.S.C. § 1404(a), a district court may transfer a civil action to another district or division where the action could have been brought

originally,[2] provided the transfer would be for the convenience of parties and witnesses and in the interest of justice. *See* 28 U.S.C. § 1404(a). In assessing the interests of convenience and justice, courts look to a series of private and public factors. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508–09 (1947)). The balance of these factors must clearly weigh in favor of transferring to the new venue. *Id.* Franklin argues that the Western District of Pennsylvania is a more convenient forum because Franklin allegedly marketed the infringing products from its office in Pennsylvania and maintained its website there. Doc. 11, Def.'s Mot. 8–9. Because the private and public interest factors do not clearly weigh in favor of transfer, the Court concludes that transfer is not warranted under § 1404(a).

1.      Private Interest Factors

The private interest factors courts consider are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen of Am.*, 545 F.3d at 315 (quoting *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)). Analyzing the private interest factors, the Court concludes that they modestly suggest the Western District of Pennsylvania would provide a more convenient forum. *In re Volkswagen of Am.*, 545 F.3d at 315.

First, the ease of access to sources of proof factor favors transfer only slightly. Franklin declares that all the documents related to its marketing and sales activities are located in Pennsylvania, whereas CMC states that its corporate and trademark documents are located in Texas.

---

[2] CMC concedes that this action could have originally been brought in the Western District of Pennsylvania. Doc. 12, Pl.'s Resp. 15; *see also* 28 U.S.C. § 1404(a).

Doc. 11, Def.'s Mot, Ex. A, Kovalchick Decl. ¶ 9; Doc. 12, Pl.'s Resp. 16 (citing Doc. 12-1, Becker Decl. ¶ 4). Turning to the compulsory process factor, current employees of a party are considered to be willing witnesses whose testimony can be procured without reliance on the subpoena power, so their locations are not persuasive when considering whether the court can secure their attendance. *Smith's Consumer Prods., Inc. v. Fortune Prods., Inc.*, No. 3:14-CV-0627, 2015 WL 1037419, at *3 (N.D. Tex. Mar. 9, 2015) (citations omitted). Franklin's employees are presumed to be willing witnesses and Franklin has not identified any other nonparty witnesses. *See* Doc. 11, Def.'s Mot. 9. Thus, this factor is neutral.

Likewise, the cost of attendance for willing witnesses is a neutral factor. "The party seeking transfer must specify . . . clearly the key witnesses to be called and their location and must make a general statement of what their testimony will cover," *Magana v. Toyota Motor Corp.*, No. 3:10-CV-1451, 2010 WL 5108850, at *2 (N.D. Tex. Dec. 6, 2010) (citing 15 Charles Alan Wright et al., Federal Practice and Procedure § 3851 (3d ed. 2007)), which Franklin has not done. Doc. 11, Def.'s Mot. 9 (simply asserting "all of Defendant's witnesses reside in Pennsylvania."). Thus, Franklin has failed to satisfy its burden of showing why this factor supports transfer. Additionally, there are no other practical considerations that would favor transfer. Therefore, the private interest factors favor transfer only slightly.

2.    Public Interest Factors

The public interest factors courts consider are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *In re Volkswagen of Am.*, 545 F.3d

at 315 (quoting *In re Volkswagen AG*, 371 F.3d at 203). Analyzing the public interest factors, the parties dispute whether transfer is warranted given the competing local interests of Pennsylvania and Texas. Franklin argues that the location of the allegedly infringing product and misconduct should be the "critical and controlling consideration" in deciding venue, citing several cases for this proposition. Doc. 11, Def.'s Mot. 8–9 (citing *Paragon*, 2008 WL 3890495, at *3; *Minka Lighting, Inc. v. Trans Globe Imports, Inc.*, No. 3:02-CV-2538, 2003 WL 21251684, at *3 (N.D. Tex. May 23, 2003); *Amini Innovation Corp. v. Bank & Estate Liquidators, Inc.*, 512 F. Supp. 2d 1039, 1044–45 (S.D. Tex. 2007)). Additionally, it argues that the private sources-of-proof factor outweighs any public interest concerns as well as CMC's choice of forum.

This case is comparable to *Paragon Industries*, where the court decided that, even though all of the wrongful activity occurred in Texas, the case should be transferred to Colorado—the location of the party asserting infringement claims—reasoning that a plaintiff's choice of forum should be entitled to substantial weight. 2008 WL 3890495, at *2–3.[3] As the court concluded, both the state of an allegedly infringer and that of the injured corporation have a local interest in adjudicating an infringement action. *See id.* at *3. Here, Texas and Pennsylvania citizens have a local interest in deciding the dispute because a Texas resident's property rights have allegedly been violated and the alleged wrongful activity happened in Pennsylvania. Thus, this factor is neutral. The Court concludes that CMC's choice of forum is entitled to substantial weight, and that the local interest and sources of proof factors do not favor transfer strongly enough to overcome the deference given to CMC's choice. *See id.* at *3, 5.

---

[3] The court in *Paragon* gave weight to the defendant's choice of forum as a "true plaintiff" because the plaintiff had filed a declaratory judgment action in anticipation of litigation. *Id.* at *4.

Also, the remaining public interest factors do not clearly favor transferring the case. As Franklin admits, no administrative difficulties favor or weigh against transfer; no conflicts of law have been raised; both this Court and the Western District of Pennsylvania are equally capable of analyzing CMC's claims under the Lanham Act (15 U.S.C. §§ 1114, 1125); and this Court has more familiarity with adjudicating claims under Texas law, which modestly weighs against transfer. *See Paragon*, 2008 WL 3890495, at *4. In sum, the public interest factors do not favor transferring the case. Therefore, the Court concludes that Western District of Pennsylvania is not a clearly more convenient forum. Accordingly, Franklin's motion to transfer venue under § 1404(a) is **DENIED**.

## IV.

## CONCLUSION

For these reasons, the Court **DENIES** Franklin's Motion to Dismiss for Lack of Personal Jurisdiction or Venue, or in the Alternative to Transfer Venue (Doc. 11). The Court further **ORDERS** that CMC may conduct limited jurisdictional discovery on the issues of:

- the extent to which Franklin sold infringing products to Texans through its website;

- whether it contracted with the third-party retailers mentioned by CMC; and

- whether the retailers actually sold infringing products to Texans.

SO ORDERED.

SIGNED: June 22, 2016

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

-11-